UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR ABFC 2006-
OPT2 TRUST, ASSET BACKED FUNDING
CORPORATION ASSET BACKED
CERTIFICATES SERIES 2006-OPT2,

                   Plaintiff,

     -against-

LAURENCE R. BACHMAN, CATHERINE E.
SCHMIDT, SAMUELE MASTROPIERI AS JOHN
DOE #1 "JOHN DOES" and "JANE DOES", said
name being fictitious, parties intended being possible
tenants or occupants of premises, and corporations,
other entities or persons who have, claim, or may
claim, a lien against, or other interest in, the
premises.

                 Defendant(s).
-----------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

11/16/2017 3:13 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORDANUM & ORDER**
17-CV-01286 (JMA) (ARL)

**AZRACK, United States District Judge:**

    On March 7, 2017, pro se litigant Samuele Mastropieri, a Long Island resident, removed this foreclosure action from New York State Supreme Court, Nassau County, to this Court, citing diversity of citizenship, 28 U.S.C. § 1332. Mastropieri also filed a motion for leave to proceed in forma pauperis. Upon review of his application, this Court grants Mastropieri's motion for leave to proceed in forma pauperis, solely for the purposes of this Order.

    On April 13, 2017, plaintiff Wells Fargo Bank, National Association, as Trustee for ABFC 2006-0PT2 Trust, Asset Backed Funding Corporation Asset Backed Certificates Series 2006-0PT2 ("Plaintiff") moved to remand the action to state court on the following grounds: (1) Mastropieri is not a party to the action and therefore cannot remove the action to federal court; (2) the removal was purportedly based on 28 U.S.C. § 1332, but complete diversity has never

1

existed; (3) the removal was untimely; (4) the removal violates the rule of unanimity requiring that all defendants join the removal; and (5) Mastropieri failed to comply with the notice requirements of 28 U.S.C. § 1446(d). For the reasons set forth below, the Court finds that this action was improperly removed and grants Plaintiff's motion for remand.

## I. BACKGROUND

This mortgage foreclosure action was brought on July 5, 2007 in New York State Supreme Court of the State of New York, Nassau County ("State Court"), by original plaintiff Contour Mortgage Corporation ("Prior Plaintiff") against defendants Laurence R. Bachmann and Catherine E. Schmitt, who defaulted on their obligations under a promissory note and a mortgage secured by real property in Nassau County (the "Subject Premises"). Prior Plaintiff is a registered foreign business corporation with its principal place of business in East Meadow, New York. (See Wietecha Decl., Ex. K.) It appears that Bachmann is a current resident of New York and that he and Schmitt, until her death in 2011, were residents of New York. (See id., Exs. E, J.) On May 24, 2013, the State Court entered an order in the underlying action substituting as plaintiff Wells Fargo Bank, National Association, as Trustee for ABFC 2006-0PT2 Trust, Asset Backed Funding Corporation Asset Backed Certificates Series 2006-0PT2. The Subject Premises were sold at public auction on August 19, 2014. On April 26, 2017, the State Court granted Plaintiff's motion to take possession of the property and to direct the Sheriff to remove any current occupants.

Mastropieri, who was never made a party to the underlying action, claims to have obtained ownership of the property on August 11, 2014. On March 7, 2017, while this case was pending in State Court, Mastropieri removed it to federal court. None of the other defendants consented to removal. Mastropieri is a resident of New York. (See Mastropieri Affirm. at 2-3.)

## II. DISCUSSION

A defendant may remove any civil action brought in state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)).

As explained below, the Court grants Plaintiff's motion to remand this action to State Court on the grounds that complete diversity did not exist at the time the underlying action was filed and on the grounds that the removal was untimely. In light of this determination, it is not necessary to address the additional arguments raised by Plaintiff as to why removal was improper.

Mastropieri and Plaintiff agree that diversity did not exist when this action was originally filed. However, Mastropieri contends that a change in citizenship occurred as a result of Plaintiff's substitution in 2013 such that diversity currently exists, rendering removal proper. The "usual rule is that removability is determined from the record as of the time the petition for removal is filed but where [the] basis of removal is diversity then diversity of citizenship must exist at the time action was filed in state court as well as at [the] time of removal." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3723, at 311-12 (1990)); see also Chapman v. Crane Co., 694 F. App'x 825, 828 (2d Cir. 2017) (summary order) (same). Accordingly, the substitution of Plaintiff and any resulting change in citizenship that might have occurred is irrelevant and does not make removal proper in this case. See 14B Wright & Miller § 3723 (2013) ("[I]f after filing its

3

complaint in state court, the plaintiff changed its citizenship so that it became diverse from each defendant at the time of removal to federal court, removal nonetheless would be improper.").

Moreover, removal was also improper as it was grossly untimely. 28 U.S.C. § 1446(b) "imposes a one-year outer limit on the removal of an action, measured from the action's commencement in state court, if the purported basis for removal is the diversity of citizenship of the parties." Green Point Sav. Bank v. Hidalgo, 910 F. Supp. 89, 91 (E.D.N.Y. 1995). Mastropieri removed this action on the basis of diversity jurisdiction and his notice of removal came nearly ten years after the case was commenced in state court. Accordingly, the removal is defective under § 1446(b) and remand is also appropriate on that ground.

### III. CONCLUSION

For the reasons stated above, this case is hereby remanded to the Supreme Court of the State of New York, County of Nassau. Accordingly, it is unnecessary to reach Plaintiff's additional arguments as to why removal was improper.

The Clerk of Court is respectfully directed to close this case and to mail a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Nassau, see 28 U.S.C. § 1447(c), and to pro se litigant Mastropieri.

**SO ORDERED.**

Date: November 16, 2017
   Central Islip, New York

                              /s/ (JMA)
                              Joan M. Azrack
                              United States District Judge